IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO. 2:13-cr-00002

RAYMOND HERSMAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 [ECF 107]. The United States filed its response in opposition to the motion (ECF 112). For the reasons that follow, the Court **DENIES** the motion.

*I.   DISCUSSION*

    *A.   Legal Standard*

Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, upon a defendant's timely motion, the Court may "vacate any judgment and grant a new trial if the interest of justice so requires." A district court should exercise its discretion to grant a new trial sparingly and only when the evidence weighs heavily against the verdict. *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).

*B.	Analysis*

On May 10, 2013, prior to the trial in this case, the Court issued its Memorandum Opinion and Order that contained the Court's rulings on various pre-trial motions. (ECF 77.) In its Opinion, the Court denied, among other motions, Defendant's motions to suppress evidence (ECF 17, 40, 43). These motions pertained, in part, to the law enforcement officers' use of a global position satellite device ("GPS") to track Defendant's vehicle. On the first day of trial—May 14, 2013—and prior to opening statements, Defendant filed a renewed motion to suppress that further developed the arguments he made in his prior motions to suppress. Following argument by counsel, Court was adjourned for the day so that the Court could consider the issues raised by Defendant. On May 15, 2013, the Court orally denied the renewed motion to suppress, stated its reasons on the record, and the trial continued. (ECF 111 at 27–31.)

Following his conviction by the jury, Defendant filed the pending motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. (ECF 107.) In his motion Defendant argues that: (1) the Court should have granted his motions to suppress evidence that was obtained from the GPS tracking device that was attached to his vehicle pursuant to a search warrant issued by a state court circuit judge; (2) the Court should dismiss the case based upon a law enforcement officer's destruction of a portion of the GPS tracking record; (3) the Court should grant a new trial based upon the Court's disqualification of Defendant's former attorney, William C. Forbes; and (4) the Court should grant a new trial based on alleged remarks made by Government counsel during closing argument.

Defendant's first, second, and third grounds for his new trial motion were previously asserted by Defendant prior to trial. The Court previously rejected each of these arguments, has

2

articulated its reasons, and will not reiterate them here. With respect to Defendant's fourth and final argument, the Court has examined Government counsel's closing and rebuttal arguments. Nowhere in their remarks to the jury in closing argument did either of the Assistant United States Attorneys ever make the comments Defendant attributes to them. Accordingly, the Court rejects this last argument.

Further comment is warranted in connection with Defendant's motion to suppress evidence obtained by the GPS tracking device. In making its oral findings in response to Defendant's untimely motion to suppress that was filed the morning of the first day of trial, the Court relied, in part, on *United States v. Leon*, 468 U.S. 897 (1984) for its alternative ruling that the law enforcement officers acted in good faith when they obtained and executed the search warrant. The Court supplements this finding as follows:

For exclusion of evidence to be appropriate, courts must perform a balancing test to determine whether the deterrent benefits of suppression outweigh the substantial costs of "almost always requir[ing] courts to ignore reliable, trustworthy evidence." *Davis v. United States*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 131 S.Ct. 2419, 2427 (2011). In weighing the deterrent benefits of exclusion, courts focus on the culpability of the law enforcement conduct at issue. In *Davis*, the Supreme Court, citing *Leon*, stated that where law enforcement acts with "deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs." *Davis*, 131 S. Ct. at 2427 (quotation marks and citations omitted). On the other hand, however, the Court found that when the police act with an objectively reasonable good-faith belief that their conduct is lawful or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force and exclusion

cannot "pay its way." *Id.* at 2426–28. (citing *Leon*, 468 U.S. at 908 n.6.) (other citations omitted).

*Davis* holds that the exclusionary rule does not apply when a police officer conducts a search in objectively reasonable reliance on binding appellate precedent. The Supreme Court's extended discussion in *Davis* of the purposes of *Leon* and the exclusionary rule merit acknowledgment here. As this Court previously found, the record is utterly devoid of any evidence that the law enforcement officers here acted with deliberate, reckless, or grossly negligent disregard for Defendant's Fourth Amendment rights. In contrast to cases where law enforcement officers lawlessly and recklessly invade constitutionally protected privacy interests of persons under investigation and intentionally dodged their obligation to seek judicial oversight of their invasive investigative actions, here the officers, in accord with *Jones*, actually sought a search warrant before placing the GPS device on Defendant's vehicle. The warrant's failure to provide a temporal limitation on the continued use of the GPS device was erroneous, but, under the facts of this case, was not an error justifying suppression of evidence. As the officers testified, the active life of the GPS device was self-limited because the batteries for the device were expected to fail after thirty days' use and the officers believed they would have to then apply for a new warrant. (ECF 88 at 34.) The Supreme Court's decision in *Jones* did not address the constitutional temporal limits of a GPS warrant and, in light of the infancy of this area of law and the specific facts of this case, this is the type of error that rests foremost with the judicial officer issuing the warrant and is not the type of error that a reasonably well-trained officer would have known was illegal. The purpose of the exclusionary rule is not furthered by punishing law enforcement for the errors of judges. *Leon*, 468 U.S. at 916. In short, given the facts of this case and the law

4

enforcement officers' conduct, the deterrent benefits of suppression plainly do not outweigh the substantial cost to society that would flow from the suppression of evidence in this case.

## II.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for a new trial.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   October 28, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE