IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:13-cr-00002

RAYMOND HERSMAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's motion for reconsideration of the Court's denial of his motion for a new trial [ECF 123]. The United States did not file a response to the motion.

The Court **DENIES** Defendant's motion for reconsideration. As the discussed in the Court's prior rulings, in *United States v. Jones*, — U.S. —, 132 S. Ct. 945 (2012), the Supreme Court held for the first time that the Government's installation of a global positioning surveillance ("GPS") tracking device on a target's vehicle constitutes a search within the meaning of the Fourth Amendment. Defendant argues that since *Jones* was decided, a "growing number of courts have rejected the government's good faith excuse" and have suppressed GPS evidence. Defendant cites *United States v. Katzin*, 732 F.3d 187 (3d Cir. 2013) and four district court cases in support of his view.

Although Defendant quietly pays lip service to the fact that each of these cases concerns *warrantless* installations of GPS devices by law enforcement officers, he does not let that salient fact inform his analysis. Rather, he contends that because the officers in this case failed to

comply with certain requirements of Rule 41 of the Federal Rules of Criminal Procedure and because there were certain irregularities with the presentation of the state search warrant to the state circuit judge, it is *as if* the officers never bothered to obtain a warrant at all. Engaging in this fiction, Defendant concludes that *Katzin* and the handful of district court cases are thus persuasive.

Defendant's argument once again falls short and displays a misunderstanding of *United States v. Leon*, 468 U.S. 897, 909 (1984) and its progeny. Defendant's case is not a case where law enforcement officers, during a time of unsettled or newly-established law, carelessly slapped a GPS device on a target's car without judicial authorization and later pleaded ignorance and begged for mercy at a suppression hearing. Rather, here, the officers, with the assistance of a prosecuting attorney, applied for and obtained *a search warrant from a judge* before installing the device. As the Supreme Court recently stated:

> The basic insight of the *Leon* line of cases is that the deterrence benefits of exclusion "var[y] with the culpability of the law enforcement conduct" at issue. When the police exhibit "deliberate," "reckless," or "grossly negligent" disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs. But when the police act with an objectively "reasonable good-faith belief" that their conduct is lawful, or when their conduct involves only simple, 'isolated' negligence, the " 'deterrence rationale loses much of its force,' " and exclusion cannot "pay its way."

*Davis v. United States*, — U.S. — , 131 S. Ct. 2419, 2427–28 (2011) (citations omitted).

While the fact that the law enforcement officers in this case sought and obtained a GPS search warrant from a judicial officer may be inconvenient to Defendant's argument, it is nonetheless a central and consequential facet in the Court's good faith analysis—an analysis that centers on the examination of the culpability of law enforcement officers. Thus, Defendant's case law offers the Court no reason to disturb its prior rulings.

On a final note, in his motion Defendant also maintains that "[n]othing in West Virginia law" permits the issuance of a GPS search warrant and specifically cites West Virginia Code Sections 62–1A–1, –8, and –10 in support of that proposition. These provisions do not support Defendant's position.[1]

---

1  West Virginia Code Section 62-1A-1 provides:

> A search warrant authorized by this article may be issued by a judge of a court having jurisdiction to try criminal cases in the county, or by a justice of the county, or by the mayor or judge of the police court of the municipality, wherein the property sought is located.

West Virginia Code Section 62-1A-8 provides:

> It is intended that this article govern the issuance and execution of all search warrants, and no subsequent legislation shall be held to supersede or modify the provisions of this article except to the extent that such legislation shall do so specifically and expressly. It is recognized that throughout this Code there are many provisions dealing with the issuance and execution of search warrants, and it is not possible at this time to amend and reenact or to specifically repeal those provisions. Accordingly, all such provisions shall be construed so as to conform to and be consistent with the pertinent provisions of this article. In the event that there are provisions in this Code so inconsistent with the provisions of this article as to preclude such construction, such other provisions are hereby repealed to the extent of such inconsistency.

West Virginia Code Section 62-1A-10 provides:

> (a) A law-enforcement officer who stops a motor vehicle for an alleged violation of a traffic misdemeanor law or ordinance may not search the vehicle unless he or she:
>
> > (1) Has probable cause or another lawful basis for the search;
> >
> > (2) Obtains the written consent of the operator of the vehicle on a form that complies with section eleven of this article; or, alternatively,
> >
> > (3) Obtains the oral consent of the operator of the vehicle and ensures that the oral consent is evidenced by an audio recording that complies with section eleven of this article.
>
> (b) Notwithstanding the provisions of subsection (a) of this section, should a form meeting the requirement of section eleven of this article or an audio recording device be unavailable a handwritten consent executed by the vehicle operator and meeting the consent requirements of section eleven of this article will suffice.
>
> (c) Notwithstanding the provisions of subsection (a) or (b) of this section should a court find that the officer had a reasonable suspicion of dangerousness to his or her safety which precluded recordation of the consent the recordation requirements of this section shall be found inapplicable.
>
> (d) Failure to comply with the provisions of this section shall not, standing alone, constitute proof that any consent to search was involuntary.

For the foregoing reasons, the Court **DENIES** Defendant's motion [ECF 123].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 12, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

(e) A finding by a court that the operator of a motor vehicle voluntarily and verbally consented to a search of the motor vehicle shall make the recordation requirements of this section inapplicable.

(f) Nothing contained in this section shall be construed to create a private cause of action.

(g) This section takes effect on January 1, 2011.